## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RON E. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-11-0861-HE |
| | ) | |
| SHERIFF BOBBY WHITTINGTON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Defendant John Wampler's motion to dismiss [Doc. #55] is currently before the court.

### Background

Plaintiff Ron E. Jones filed a federal 42 U.S.C. § 1983 lawsuit against various defendants arising out of an incident in 2010 where plaintiff's horses were seized and plaintiff was charged with felony cruelty to animals. According to the second amended complaint, those charges were dismissed on February 22, 2011. Plaintiff filed this case on July 29, 2011. The complaint alleges that, less than a month later, on August 22, 2011, plaintiff was again charged with felony cruelty to animals in Tillman County.

Defendant John Wampler is the district attorney for District #3, which includes Tillman County. Plaintiff alleges that there was no change in circumstances between dismissal of the original criminal charges and the filing of the new charges, other than the filing of this case. Plaintiff has sued Wampler, in his individual capacity, for vindictive prosecution, asserting that the charges were "clearly filed in retaliation for Plaintiff exercising his rights and filing a § 1983 lawsuit" [Doc. #39 at 12]. Wampler has moved to

dismiss the claims against him pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that the complaint fails to state a claim against him upon which relief can be granted because he is entitled to absolute immunity for the conduct alleged.[1]

## Analysis

Rule 12(b)(6) permits a court to dismiss a claim when a party fails "to state a claim upon which relief can be granted."  When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and construed in the light most favorable to the nonmoving party.  Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010).  Unsupported, conclusory allegations, however, need not be accepted as true.  *See* Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011).  The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Applying this standard, the court concludes defendant's motion should be granted.

Prosecutors are absolutely immune from liability for damages in § 1983 lawsuits for actions that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976).[2]  Courts use a "functional approach" to

---

[1] Defendant also argued that the claims should be dismissed pursuant to Rule 8 because it is unclear what allegations are directed towards him specifically. However, it appears clear enough that the only claim asserted against defendant Wampler is the vindictive prosecution claim.

[2] As the Court recognized, "this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest." Imbler, 424 U.S. at 427.

determine when a prosecutor's actions are entitled to absolute immunity, focusing on "the nature of the function performed, not the identity of the actor who performed it." Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993) (citations omitted). The Supreme Court has emphasized that absolute immunity applies when a prosecutor is functioning in his role as an advocate, rather than when he is engaged in "investigative or administrative tasks." Van de Kamp v. Goldstein, 555 U.S. 335, 342 (2009) (citing Imbler, 424 U.S. at 431 n.33); *see also* Mink v. Suthers, 482 F.3d 1244, 1261-62 (10th Cir. 2007).

The Tenth Circuit has identified several factors to consider in determining whether acts fall within advocacy or investigation: "(1) whether the action is closely associated with the judicial process, (2) whether it is a uniquely prosecutorial function, and (3) whether it requires the exercise of professional judgment." Mink, 482 F.3d at 1261 (citations omitted) (applying factors primarily to pre-indictment acts). However, the court has emphasized that "[a] prosecutor's charging decisions are absolutely immune from civil suit for monetary damages." Becker v. Kroll, 494 F.3d 904, 925 (10th Cir. 2007) (citing Hartman v. Moore, 547 U.S. 250, 261-62 (2006)); *see also* Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan., 582 F.3d 1155, 1164 (10th Cir. 2009) (holding that "[p]rosecutors are entitled to absolute immunity for their decisions to prosecute," so long as they are acting as an advocate rather than a witness). This immunity "undoubtedly includes initiating criminal proceedings," even if the prosecutor filed charges "knowing he lack[ed] probable cause." Becker, 494 F.3d at 925 (citations omitted) (applying absolute immunity in a retaliation lawsuit); *see also* Buckley, 509 U.S. at 274 n.5 (noting that prosecutor would still be entitled

3

to absolute immunity for the "malicious prosecution of someone whom he lacked probable cause to indict").

Plaintiff's only complaint against defendant Wampler is that less than a month after plaintiff filed this lawsuit, state criminal charges were again filed against him in Tillman County, presumably by Wampler as the district attorney for that county. As discussed above, a prosecutor's act of filing criminal charges is undoubtedly "intimately associated with the judicial phase of the criminal process." *See* Imbler, 424 U.S. at 430-31. The complaint alleges no facts to suggest that Wampler was acting in an investigative or administrative role when he re-filed the criminal charges.[3] Plaintiff's wholly conclusory allegation that "Defendant Wampler acted outside his capacity as prosecutor and advocate for the State" [Doc. #39 at 18] provides no basis for avoiding Wampler's absolute immunity for the conduct complained of: bringing criminal charges. Furthermore, plaintiff's claim that Wampler lacked probable cause when filing the charges is unavailing because, as stated in Becker, 494 F.3d at 925, a prosecutor's actions in initiating criminal proceedings are entitled to absolute immunity, even if there is a complete lack of probable cause. Because plaintiff has alleged no facts suggesting that Wampler acted outside his capacity as an advocate in filing these charges, his conduct is entitled to absolute immunity. Therefore, plaintiff does not state a claim against Wampler and the complaint must be dismissed as to him.

## Conclusion

---

[3]*The second amended complaint contains conclusory references to statements made to the press but includes no specific facts as to any such event.*

The court **GRANTS** defendant John Wampler's motion to dismiss [Doc. #55] and **DISMISSES** plaintiff's claims against him. The court **LIFTS** the stay on discovery previously imposed [Doc. #61] and will separately enter a revised scheduling order imposing new deadlines.

**IT IS SO ORDERED**.

Dated this 10th day of December, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE